(155 App. Div. 375.)

### MOORE v. STANDARD OIL CO. OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. February 14, 1913.)

1. MASTER AND SERVANT (§ 264*)—INJURIES TO SERVANT—EVIDENCE—ADMISSIBILITY.

Where the negligence charged was the master's failure to instruct plaintiff and to provide a necessary guard on a machine, evidence of negligence in failing to equip the machine with a stopping device was inadmissible.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 861–876; Dec. Dig. § 264.*]

2. APPEAL AND ERROR (§ 263*)—PRESENTATION OF GROUNDS OF REVIEW IN COURT BELOW—EXCEPTIONS—NECESSITY.

Upon appeal from an order denying a motion for new trial, objections to the admission of evidence may be reviewed, though no exceptions to the charge submitting the liability predicated on such evidence were reserved.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1516–1523, 1525–1532; Dec. Dig. § 263.*]

3. WITNESSES (§ 269*)—CROSS-EXAMINATION—WHAT IS.

Evidence elicited by plaintiff upon the cross-examination of a defendant's witness must be considered as affirmative evidence offered by plaintiff, where the witness had not testified in chief upon the matters covered by the evidence.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 949–954; Dec. Dig. § 269.*]

4. TRIALS (§ 232*)—INSTRUCTION.

In a personal injury action against a corporation, an instruction telling the jury that their action could not be reviewed was improper, in tempting them to disregard the evidence and find for the plaintiff.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 524, 525; Dec. Dig. § 232.*]

Appeal from Trial Term, Kings County.

Action by John Moore, an infant, by Sarah Rofling, his guardian ad litem, against the Standard Oil Company of New York. From a judgment for plaintiff, and an order denying defendant's motion for new trial, defendant appeals. Reversed and remanded.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and CARR, JJ.

Dean Emery, of New York City (Vine H. Smith, of New York City, on the brief), for appellant.

Henry M. Dater, of Brooklyn (George F. Elliott and Jay S. Jones, both of Brooklyn, on the brief), for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

CARR, J. This is an appeal from a judgment entered on the verdict of a jury in favor of the plaintiff for the sum of $3,000, and taxed costs, as well as from an order denying a motion for a new trial under section 999 of the Code of Civil Procedure. The plaintiff was a young lad something over 14 years of age, and was an employé of the defendant in one of its factories in the borough of Brooklyn. While he was at work soldering handles to the tops of tin cans, which were designed for holding illuminating oil, the index finger of his left hand was caught in the moving mechanism of the soldering machine, and he lost the tip of that finger. The negligence charged against the defendant is set forth in paragraphs 2, 3 and 4 of the complaint, as follows:

"2. That it was the duty of the said defendant to provide safe and suitable machinery for plaintiff's use in his said employment and to properly protect the same, and it was also the duty of said defendant to instruct the plaintiff herein as to the proper manner in which to do his work, because of his tender age.

"3. That it was the duty of said defendant to provide a safe and proper screen or guard on said machine, which screen or guard was usual on machinery of this character and necessary in order that the same could be operated safely.

"4. That said defendant, wholly disregarding its duty, negligently and carelessly permitted plaintiff herein to engage in work on said machine without informing him that said work was in any wise dangerous, and in failing to instruct plaintiff as to the proper manner in which to do the said work, and, not regarding its duty as aforesaid, it negligently and carelessly failed to provide a safe and secure covering screen or guard for said apparatus and machine as aforesaid."

[1] When the action came to trial, the plaintiff, over the objection and exception of the defendant, was permitted to give proof as to negligence of the defendant in failing to have upon the machine in question a stopping device, by which any operator on the machine could immediately stop the moving mechanism. A number of photographs were introduced in evidence, and are before us on this appeal, and likewise part of the mechanism of the soldering machine. From these photographs it is apparent that a number of boys usually work together at the same time at the machine. The appellant contends that the admission of testimony as to the absence of a stopping device was improper, in that the plaintiff had specifically pleaded his claims of negligence of the defendant in his complaint, and he should have been confined thereto in his proofs. No proof was offered to show that the machine was out of order in any way, and the claim that it should have been guarded by a screen was abandoned during the course of the trial. I think this objection is well taken, especially as the trial court, in submitting the question of negligence on the part of the defendant to the jury, presented to it the question as to whether the master had discharged its duty to the plaintiff in failing to provide a proper stopping device for the machine.

[2] It is argued, however, that the defendant has waived this exception by introducing proof to meet that offered by the plaintiff on this point, and likewise by failing to except to that portion of the charge which submitted this particular question to the jury for consid-

eration. No authorities are cited to sustain this proposition, except some which relate generally to evidence admitted without objection and exception on the part of the defendant. If an exception to the charge were necessary also, its absence would not preclude us from considering the question on this appeal, because such question may be reviewed by this court on the appeal from the order denying the motion for a new trial. It is not necessary to cite any authorities on this proposition.

[3] There are some further objections made by the appellant, among others as to the admission of proof on the part of the plaintiff that there had been prior accidents on this machine, without proving the circumstances of such accidents. This proof came in, over objection and exception by the defendant, on the cross-examination of the defendant's witness Carr; but, so far as this proof went, it was not proper cross-examination, as Carr had given on his direct examination no testimony whatever on this point. The proof, therefore, must be considered as affirmative evidence offered by the plaintiff, though elicited on cross-examination of the defendant's witness. The trial developed an atmosphere of its own, which was by no means favorable to the defendant, as witnessed by the record, where the plaintiff was allowed to ask the defendant's foreman, over objection and exception, whether the machine in question was not generally known in the factory as the "finger-cutting machine."

[4] The charge of the learned trial court itself by inadvertence no doubt, was in one particular injudicious, as will be seen from the following language:

"It is for that reason that you 12 men have been called here as judges of the facts, and to pass upon the facts. You are the exclusive judges of the facts in this case. *Your action cannot be reviewed. Any mistakes I make in my statement of the law to you may be reviewed, but not your action; so that you occupy a very high and honorable position in this court.*"

Such a statement might prove little less than a strong temptation to a jury of average men in a case where on one side was the Standard Oil Company and on the other a poor lad with a maimed finger.

The judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur.